UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY NELSON,

        Plaintiff,

v.

        Case No. 3:19-cv-176-J-34JRK

N. MILLER, et al.,

        Defendants.

**ORDER**

**I. Status**

Plaintiff Jeffrey Nelson, an inmate of the Florida penal system, initiated this action on February 8, 2019, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). In the Complaint, Nelson asserts claims pursuant to 42 U.S.C. § 1983 against Defendants N. Miller, S. Massey, P. Mayo, and T. Sistrunk. He alleges that Defendants violated his federal constitutional rights when they searched his cell on November 17, 2017, falsified a disciplinary report (DR), and lost his property. As relief, he seeks compensatory, punitive and nominal damages.

This matter is before the Court on Defendants Mayo, Sistrunk, Miller, and Massey's Motion to Dismiss (Motion; Doc. 21).[1] They submitted exhibits in support of the Motion. See Docs. 21-1 through 21-2.[2] The Court advised Nelson that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation

---

[1] See Defendants Miller and Massey's Notices of Adoption (Docs. 28, 31).

[2] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

on the matter and gave him an opportunity to respond. See Order (Doc. 6). Nelson filed responses in opposition to the Motion. See Motion to Respond to Motion to Dismiss (Response; Doc. 26); Motions of Opposition (Docs. 30, 32). In support of his arguments, he also submitted exhibits. See Docs. 26-1 through 26-8. Thus, Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations[3]

Nelson asserts that Defendants Sistrunk and Miller searched his cell on November 17, 2017, found a knife, and gave him a false DR for possession of a weapon. See Complaint at 5. He avers that Miller, Massey, and Sistrunk mishandled his property when they packed and shipped it to another institution. See id. at 6, 8. According to Nelson, when Defendants escorted him to confinement, Sistrunk threatened to beat him and write another DR. See id. at 5. He states that he submitted an informal grievance to Defendant Mayo, who advised him that his property had been sent to Lake Correctional Institution. See id. Nelson asserts that Mayo refused to give him copies of his personal property receipts. See id. at 6. He believes that Defendants retaliated against him because he had complained about Sergeant Howard spraying him with chemical agents and had initiated

---

[3] The Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

a civil rights action to pursue his claims against Sergeant Howard. See id. at 7, 13 (citing Jeffrey Nelson v. Sergeant. W.I. Howard, Jr., Case No. 3:18-cv-1334-J-39JBT).[4]

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262 63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[4] In that action, Nelson asserts that Defendant Howard assaulted him on September 24, 2017. See Case No. 3:18-cv-1334-J-39JBT, Complaint (Doc. 1) at 4.

of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[5] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

---

[5] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## IV. Summary of the Arguments

In the Motion, Defendants request dismissal of Nelson's claims against them because Nelson failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA). See Motion at 2-6. They also assert that Nelson is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injury resulting from Defendants' acts and/or omissions. See id. at 10-11. In his Response, Nelson maintains that he has exhausted his administrative remedies. See Response at 1-12. Additionally, he asserts that he is entitled to compensatory and punitive damages. See id.

## V. Exhaustion of Administrative Remedies

### A. PLRA Exhaustion

The PLRA requires an inmate wishing to challenge prison conditions to first exhaust all available administrative remedies before asserting any claim under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). Nevertheless, a prisoner such as Nelson is not required to plead exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, the United States Supreme Court has recognized "failure to exhaust is an affirmative defense under the PLRA[.]" Id. Notably, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Not only is there an exhaustion requirement, "the PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).

> Because exhaustion requirements are designed to deal with
> parties who do not want to exhaust, administrative law creates

an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Pozo,[6] 286 F.3d, at 1024. . . .

Woodford, 548 U.S. at 90. And, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. As such, the United States Supreme Court has emphasized:

> Courts may not engraft an unwritten "special circumstances" exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are "available."

Ross v. Blake, 136 S.Ct. 1850, 1862 (2016).

The determination of whether an inmate exhausted his available administrative remedies prior to pursuing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss or be treated as such if raised in a summary judgment motion. Bryant, 530 F.3d at 1374-75 (citation omitted). The Eleventh Circuit has explained the two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies.

> After a prisoner has exhausted the grievance procedures, he may file suit under § 1983. In response to a prisoner suit, defendants may bring a motion to dismiss and raise as a defense the prisoner's failure to exhaust these administrative remedies. See Turner, 541 F.3d at 1081.[7] In Turner v. Burnside we established a two-step process for resolving

---

[6] Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002).

[7] Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008).

6

> motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d at 1082. First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082-83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015); see Pavao v. Sims, 679 F. App'x 819, 823-24 (11th Cir. 2017) (per curiam).

### B. Florida's Prison Grievance Procedure

State law "determines what steps are required to exhaust." Dimanche v. Brown, 783 F.3d 1204, 1207 (11th Cir. 2015); see also Jones, 549 U.S. at 218 (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). The Florida Department of Corrections (FDOC) provides an internal grievance procedure for its inmates. See FLA. ADMIN. CODE r. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step sequential process. First, an inmate must submit an informal grievance to a designated staff member at the institutional level. See FLA. ADMIN. CODE r. 33-103.005. If the issue is not resolved, the inmate must submit a formal grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.006. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the FDOC Secretary. See FLA. ADMIN. CODE r. 33-103.007. However, under certain specified circumstances, an inmate can bypass the informal-grievance stage and start with a formal

grievance at the institutional level. See FLA. ADMIN. CODE r. 33-103.005(1); 33-103.006(3). Or, an inmate can completely bypass the institutional level and proceed directly to the Office of the FDOC Secretary by filing a "direct grievance." See FLA. ADMIN. CODE r. 33-103.007(3). Emergency grievances and grievances of reprisal are types of "direct grievances" that may be filed with the Office of the Secretary. See FLA. ADMIN. CODE r. 33-103.007(3)(a).

Florida Administrative Code Rule 33-103.011 provides time frames for submission of grievances. Generally, the following time limits apply. Informal grievances must be received within twenty days from the date on which the incident or action that is the subject of the grievance occurred. See FLA. ADMIN. CODE r. 33-103.011(1)(a). Formal grievances must be received no later than fifteen days from the date of the response to the informal grievance. See FLA. ADMIN. CODE r. 33-103.011(1)(b). Similarly, grievance appeals to the Office of the Secretary must be received within fifteen days from the date the response to the formal grievance is returned to the inmate. See FLA. ADMIN. CODE r. 33-103.011(1)(c). According to Rule 33-103.014, an informal grievance, formal grievance, direct grievance, or grievance appeal "may be returned to the inmate without further processing if, following a review of the grievance, one or more . . . conditions are found to exist." FLA. ADMIN. CODE r. 33-103.014(1). The rule provides an enumerated list as "the only reasons for returning a grievance without a response on the merits." See FLA. ADMIN. CODE r. 33-103.014(1)(a)-(y). Some of the reasons for returning a grievance are: untimeliness; the grievance "addresses more than one issue or complaint" or "is so broad, general or vague in nature that it cannot be clearly investigated, evaluated,

and responded to" or "is not written legibly and cannot be clearly understood" or is a supplement to a previously-submitted grievance that has been accepted for review; and the inmate "did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable," or he did not provide the required attachments. See FLA. ADMIN. CODE r. 33-103.014(1).

### C. Nelson's Exhaustion Efforts

Defendants maintain that Nelson failed to properly exhaust his administrative remedies as to the claims against them before filing the instant § 1983 lawsuit. See Motion at 2-6. In support of their position, they submitted the Declarations of Jennifer Butler and Lawanda Sanders, see Docs. 21-1, 21-2 at 1, and a list of Nelson's grievance appeals that the FDOC received from October 31, 2017, through February 28, 2019, see Doc. 21-2 at 2-6. In response, Nelson asserts that he has exhausted his administrative remedies. See Response at 1-2, 11. In support of his position, he attached to the Response the relevant grievances, appeals, and their corresponding responses. See Docs. 26-1 through 26-8.

The documents attached to Nelson's Response reflect that Nelson submitted the following informal grievances relating to the November 17, 2017 mishandling of his property: (1) log number 231-1711-0117, dated November 21, 2017, that Sergeant Mayo returned without action on December 15, 2017, see Doc. 26-3 at 2; (2) log Number 231-1712-0041, dated December 6, 2017, that the FDOC denied on December 10, 2017, see Doc. 26-4 at 2; (3) log number 231-1802-0086, dated February 9, 2018, that the FDOC denied on February 20, 2018, see Doc. 26-5 at 2; (4) log number 231-1808-0035, dated

9

July 28, 2018, that Sergeant Mayo returned without action on August 3, 2018, see Doc. 26-1 at 2; and (5) log number 231-1808-0089, dated August 6, 2018, that Sergeant Mayo denied on August 13, 2018, see Doc. 26-2 at 2. He also submitted two formal grievances relating to the mishandling of his property to the Warden: (1) Request for Administrative Remedy or Appeal (log number 1801-231-029), dated January 4, 2018, in which he stated that he was appealing the FDOC's denial of his informal grievance (log number 231-1712-0041), see Doc. 26-6 at 4, and (2) Request for Administrative Remedy or Appeal (log number 1808-231-052), dated August 6, 2018, in which he asserted that he was appealing Sergeant Mayo's decision to "return without action" his informal grievance (log number 231-1808-0035) with notice that Nelson must keep his own property receipts, see Doc. 26-7 at 4. Grievance Officer M. Stofel denied both formal grievances. See Docs. 26-6 at 3; 26-7 at 3.

Additionally, Nelson submitted a Request for Administrative Remedy or Appeal (log number 18-6-35701), dated August 6, 2018, to the Office of the FDOC Secretary. See Doc. 26-8 at 3. In the grievance, he complained about the mishandling of his property and Mayo's advice that he must keep his own property receipts. See id. A. Johns, an FDOC representative, returned the appeal without action on August 27, 2018, stating in pertinent part:

> Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as

> required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.[8]
>
> Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.
>
> Based on the foregoing information, your appeal is returned without action.

Doc. 26-8 at 2. Notably, Johns informed Nelson that he could resubmit the appeal if he could do so within the allowable time frame. However, Nelson did not resubmit the appeal.

As to the initial step in the two-part process for deciding motions to dismiss for failure to exhaust under the PLRA, the Eleventh Circuit has instructed:

> Deciding a motion to dismiss for failure to exhaust proceeds in two steps: first, looking to the defendant's motion and the plaintiff's response, the court assesses whether dismissal is proper even under the plaintiff's version of the facts; and second, if dismissal is inappropriate under the plaintiff's version of the facts, the court makes "specific findings in order to resolve the disputed factual issues related to exhaustion." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The burden is on the defendant to show a failure to exhaust. Id.

Arias v. Perez, 758 F. App'x 878, 880 (11th Cir. 2019) (per curiam). Accepting Nelson's view of the facts as true, a dismissal of the claims against Defendants for lack of exhaustion is not warranted at the first step. Thus, the Court proceeds to the second step

---

[8] See FLA. ADMIN. CODE r. 33-103.014(1)(f) ("The inmate did not provide a valid reason for by-passing the previous levels of review as required or the reason provided is not acceptable."); 33-103.014(1)(g) ("The grievance did not have the attachments required: informal grievance and response … or the formal grievance and response ….").

in the two-part process where the Court considers Defendants' arguments regarding exhaustion and makes findings of fact.

To fully exhaust, Nelson was required to complete the third step by resubmitting his appeal (with proper documentation) to the FDOC Secretary. While Nelson attempted to exhaust his claims by submitting grievance forms at each level, he failed to properly exhaust because he failed to resubmit the appeal (with proper documentation) to the FDOC Secretary. See Doc. 21-2. As such, Defendants Mayo, Sistrunk, Miller, and Massey's Motion is due to be granted with respect to the exhaustion issue as to Nelson's claims against them.

Therefore, it is now

**ORDERED**:

1. Defendants Mayo, Sistrunk, Miller, and Massey's Motion to Dismiss (Doc. 21) is **GRANTED,** and Nelson's claims against them are **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of January, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 1/21
c:
Jeffrey Nelson, FDOC #199489
Counsel of Record